IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                        Case No. 17-1257-JWB

$114,110.00 IN UNITED STATES
CURRENCY, More or less,

    Defendant

**MEMORANDUM AND ORDER**

This is a civil forfeiture action arising out of the seizure of $114,110.00 in United States currency ("the currency") on September 7, 2017. The government filed a verified complaint against the currency alleging that it is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). (Doc. 1.) This matter comes before the court on Claimant Alexander Lopez-Sanchez's motion to dismiss. (Doc. 26.) The motion is fully briefed and is ripe for decision. (Doc. 32.) Lopez-Sanchez's motion is DENIED for the reasons stated herein.

**I.     Facts and Procedural Background**

The government's verified complaint is supported by the affidavit of Shawn Herrman, Task Force Officer with the Drug Enforcement Administration ("DEA"). The facts set forth herein are taken from Herrman's affidavit. On September 7, 2017, Kansas Highway Patrol ("KHP") Trooper Mitch Clark stopped a white 2011 Freightliner, pulling a 2000 Trail Mobile Trailer, for failing to maintain a lane. The stop occurred on Interstate 70 near milepost 338 in Wabaunsee County, Kansas. The truck was being driven by Alexander Lopez-Sanchez. During the stop, Trooper Clark was given consent to search the truck. Clark found the currency in rubber-banded U.S. bills inside

1

two shoeboxes that were under a bunk in the sleeper area. The currency was bundled consistent with proceeds from drug trafficking.

Upon being questioned, Lopez-Sanchez initially denied that there was currency in the truck. Later, Lopez-Sanchez claimed that the currency was his and that he was going to purchase another truck and trailer in Colorado. Lopez-Sanchez claimed that he obtained the currency from the sale of a trailer, property in Cuba, and working. The bundled currency included the following: $2,800.00 in $100 bills; $750.00 in $50 bills; $107,260.00 in $20 bills; $2,320.00 in $10 bills; $960.00 in $5 bills; and $20.00 in $1 bills. After transporting the currency to another location, a certified drug K-9 alerted to the odor of controlled substances emitting from the currency.

The verified complaint was filed on October 9, 2017. It alleges that the currency is subject to forfeiture because it constitutes 1) money furnished or intended to be furnished in exchange for a controlled substance ("furnished or intended to be furnished theory"); 2) proceeds traceable to an exchange for a controlled substance ("proceeds theory"); and/or 3) money used or intended to be used to facilitate ("facilitation theory") a violation of the Controlled Substances Act ("CSA"). (Doc. 1 at 2-3) (citing 21 U.S.C. § 881(a)(6)). On October 16, 2017, Judge Melgren found that probable cause existed for the federal seizure of the $114,110.00 and issued a seizure warrant. Judge Melgren determined that "probable cause exists that defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6)." (Doc. 3.) Notice of the action was given to all known and unknown potential claimants. On December 13, 2017, Lopez-Sanchez filed a claim as to the currency. (Doc. 9.) Lopez-Sanchez now moves to dismiss the complaint and seeks return of the currency. (Doc. 26.)

**II.     Standard**

Because this is an action for civil forfeiture in rem, the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions apply. Lopez-Sanchez brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(6).  Under Supplemental Rule G(8)(b), a claimant has standing to move to dismiss under Fed. R. Civ. P. 12(b)(6).  In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to the government. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).  Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

The Supplemental Rules impose a heightened pleading requirement.  Pursuant to Supplemental Rule G(2)(f), the complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."  This heightened requirement is to guard against "the improper use of [ ] seizure proceedings." *United States v. $32,100 in United States Currency*, No. 16-1339-EFM-JPO, 2017 WL 1062481, at *2 (D. Kan. Mar. 21, 2017) (quoting *United States v. Mondragon*, 313 F.3d 862, 865 (5th Cir. 2003)).

**III.    Analysis**

Lopez-Sanchez moves to dismiss the verified complaint on various grounds.  The court will address the arguments in turn.

<u>Violation of the CSA</u>.  Lopez-Sanchez argues that the verified complaint fails to state a claim because it does not allege facts to support a violation of the CSA.  Lopez-Sanchez fails to

3

cite to authority in support of his position. Contrary to Lopez-Sanchez's suggestion, the government need not prove the existence of a specific drug transaction to prevail on its claim. *United States v. Funds in the Amount of $ 100,120.00*, 901 F.3d 758, 768 (7th Cir. 2018); *United States v. $ 64,895 in U.S. Currency*, No. 10-1434-RDR, 2013 WL 2406095, *1 (D. Kan. May 31, 2013) (citing *United States v. $ 21,055 in U.S. Currency*, 778 F. Supp.2d 1099, 1103 (D. Kan. 2011)). Nor does the absence of any pending criminal charge pertaining to the money preclude the government from meeting its burden of proof. *See United States v. $ 12,900 in U.S. Currency*, 803 F. Supp. 1459, 1465 (S.D. Ind. 1992) ("an acquittal or dismissal of criminal charges does not affect the Government's ability to pursue a forfeiture action"). *Cf. United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 366 (1984) ("a gun owner's acquittal on criminal charges involving firearms does not preclude a subsequent in rem forfeiture proceeding against those firearms"). Therefore, Lopez-Sanchez's motion to dismiss on this basis is denied.

<u>Eighth Amendment & Due Process</u>. Lopez-Sanchez argues that there is no "statute, legal authority or decision of a Court justifying forfeit[ure] of money or property when an individual *intends* to use money or property to commit a crime, but takes no, corresponding action," citing to *United States v. $11,500 U.S. Currency*, 869 F.3d 1062 (9th Cir. 2017). (Doc. 26 at 5) (emphasis in original.) In that case, the Ninth Circuit held that "there must be some act performed in an attempt to effectuate the actor's intent." *$11,500 U.S. Currency*, 869 F.3d at 1075. The facts in *$11,500 U.S. Currency* involved an individual attempting to use cash to bail out another individual from jail. *Id.* at 1065-66. The jury found that the currency was not proceeds of a drug transaction but decided that it was intended to be used to facilitate a transaction. The Ninth Circuit held that the facts did not support a finding that there were any acts taken to facilitate a drug transaction. *Id.* at 1075 ("We have little difficulty concluding that the offering of a drug addict's money to a

4

police officer at a detention facility as bail for the addict's wife is not the affirmative step contemplated by § 881 to justify forfeiture.") Lopez-Sanchez does not cite to a Tenth Circuit case that has held that this same standard applies in this circuit. Moreover, the Ninth Circuit was addressing the sufficiency of the evidence at trial and reversed the matter for a new trial. *Id.* at 1076. In any event, the alleged facts are that Lopez-Sanchez was transporting the currency at the time he was stopped. Viewing the allegations in a light most favorable to the government, that fact could support a finding that he took an act to facilitate a drug transaction.

To the extent that Lopez-Sanchez is asserting that the forfeiture would constitute an excessive fine under the Eighth Amendment, the motion is premature. The Supplemental Rules provide that a claimant may seek to mitigate a forfeiture under the Excessive Fines Clause "by motion for summary judgment or by motion made after entry of a forfeiture judgment if: (i) the claimant has pleaded the defense under Rule 8; and (ii) the parties have had the opportunity to conduct civil discovery on the defense." Fed. R. Civ. P. Supp. R. G(8)(e).[1]

<u>Facilitation Theory</u>. Citing to *$11,500 U.S. Currency*, Lopez-Sanchez argues that the verified complaint fails to "connect the seized money to an intended future crime." (Doc. 26 at 7.) Again, the complaint does not need to allege a specific drug transaction. Moreover, in *$11,500 U.S. Currency*, the case was submitted to a jury. The Ninth Circuit did not express any holding on the sufficiency of the allegations in the complaint. *$11,500 U.S. Currency*, 869 F.3d 1062. At this stage, the court finds that the government has sufficiently pleaded an action under § 881. The government will be held to its burden to establish its claim by a preponderance of the evidence at trial.

---

[1] Lopez-Sanchez did not assert this defense in his answer. (Doc. 15.)

Proceeds Theory. Lopez-Sanchez argues that the government has failed to plead sufficient facts to set forth a forfeiture claim under its proceeds theory. The government's complaint, as amplified by the affidavit attached to it, provides sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. The allegations include: transportation of a large amount of cash; bundling of the currency consistent with proceeds from trafficking; an alert on the currency by a drug detection dog; and inconsistent statements by Lopez-Sanchez regarding the currency. (Doc. 1.) Similar allegations have previously been found to support, to one degree or another, an inference of unlawful drug trafficking. *See $252,300.00 in U.S. Currency*, 484 F.3d 1271, 1274-75 (10th Cir. 2007) (a large amount of currency is strong evidence of connection to a drug transaction; inconsistent statements are of significant probative value; concealing of the currency; odor of drugs on currency); *United States v. Ludwig*, 10 F.3d 1523, 1527-28 (10th Cir. 1993) (positive alert is sufficient to support probable cause).[2]

Lopez-Sanchez argues that *United States v. $39,000 in Canadian Currency*, 801 F.2d 1210 (10th Cir. 1986), supports his position that the complaint in this matter is deficient. In that case, however, the court of appeals determined that the complaint contained conclusory allegations and there were no supporting affidavits. *See United States v. $600,000.00 in U.S. Currency*, 869 F. Supp. 836, 837–38 (D. Kan. 1994) (discussing *$39,000 in Canadian Currency*); *United States v. U.S. Currency, in Amount of $150,660.00*, 980 F.2d 1200, 1207 (8th Cir. 1992) ("In *$39,000 in Canadian Currency*, the forfeiture complaints made conclusory, vague allegations with no specific factual support.") In this matter, the government has set forth specific facts and circumstances that were in the accompanying affidavit and incorporated into the complaint.

---

[2] Lopez-Sanchez argues that Trooper Clark's report does not indicate that the K-9 alerted to the presence of narcotics. (Doc. 26 at 2.) Lopez-Sanchez did not attach the report to his motion. In any event, the court declines to consider documents that were not attached to the complaint at this stage of the proceedings.

Therefore, Lopez-Sanchez's motion to dismiss on this ground is denied.

<u>Sufficiency of the Affidavit</u>. Lopez-Sanchez argues that the affidavit is deficient because it is not based on personal knowledge and does not supply probable cause. With respect to Lopez-Sanchez's arguments regarding personal knowledge, he cites to Local Rule 56.1, which is applicable to motions for summary judgment. In this case, the court has reviewed the affidavit for the facts which have been incorporated into the complaint. "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference...." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (internal citations omitted). Here, the complaint states that the "facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference." (Doc. 1 at 3.) Therefore, the court has appropriately considered the facts and circumstances in the affidavit as incorporated into the complaint. As stated previously, those facts are sufficiently detailed to support a reasonable belief that the government will be able to meet its burden at trial.

With respect to Lopez-Sanchez's argument regarding probable cause, the court rejects this argument. Judge Melgren has previously issued an order finding probable cause and this court has determined that the complaint states a claim. Lopez-Sanchez's arguments merely restate the arguments discussed and rejected above.

**IV.  Conclusion**

Lopez-Sanchez's motion to dismiss (Doc. 26) is DENIED.

IT IS SO ORDERED this 21st day of November, 2019.

                                                ____s/ John W. Broomes_____
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE